UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYLER M. ROACH, natural tutor on behalf of his minor child, Baby K.E.R., and as class representative for all Neonatal Abstinence Syndrome afflicted babies born in Louisiana,<br><br>        Plaintiff,<br><br>        v.<br><br>MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; FAMILY DRUG MART LLC,<br><br>        Defendants. | CIVIL ACTION NO. 2:18-CV-4165<br><br>JUDGE _____<br><br>MAGISTRATE JUDGE _____ |

**NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (collectively the "Removing Defendants"), timely remove this action, captioned No. 18-10930A, from the 22nd Judicial District Court for the

00496887                                               1

Parish of St. Tammany, to the United States District Court for the Eastern District of Louisiana. This court has original jurisdiction over this putative class action in accordance with the Class Action Fairness Act (CAFA). 28 U.S.C. § 1332(d). Alternatively, the non-diverse pharmacy defendant, Family Drug Mart LLC, is both an unnecessary and dispensable party subject to severance and, is procedurally misjoined.

## BACKGROUND

1. On or about February 26, 2018, Plaintiff filed suit for damages on behalf of his minor child "and as class representative for all Neonatal Abstinence Syndrome afflicted babies born in Louisiana" to "eliminate the hazard to public health and safety caused by the opioid epidemic and to abate the nuisance cause by Defendants' false, deceptive and unfair marketing and/or unlawful diversion of prescription opioids." Petition, EX. 1, pp. ##, ¶ 24. Plaintiff named as Defendants various manufacturers and distributors of prescription opioid medications and a lone Louisiana pharmacy, Family Drug Mart LLC. *Id.* ¶ 16.

2. The Petition was served on at least one of the Removing Defendants on April 5, 2018, and this Notice of Removal is filed within 30 days thereafter. 28 U.S.C. § 1453(b); *accord* § 1446(b)(1). A copy of all process, pleadings, and orders served on the Removing Defendants is attached hereto as Exhibit 1. 28 U.S.C. § 1446(a).

3. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims.

## VENUE

4. Venue is proper in this district because the state court action is pending in the 22nd Judicial District Court for St. Tammany Parish. *See* 28 U.S.C. § 1446(a).

## JURISDICTION

**I.   This Court Has Original Jurisdiction Under CAFA.**

5.   Under CAFA, federal district courts have original jurisdiction over any class action where the matter in controversy exceeds $5 million, exclusive of interest and costs, and at least one plaintiff class member is diverse from at least one defendant ("minimal diversity"). 28 U.S.C. § 1332(d)(2). CAFA also requires that no "State, State officials, or other government entities against whom the district court may be foreclose from order relief" be joined as defendants, and that the proposed plaintiff class have at least 100 members. *Id.* § 1332(d)(5). This case meets each requirement.

6.   ***Amount in controversy.***   Plaintiff seeks compensatory damages for "the costs of neo-natal medical care, additional therapeutic, prescription drug purchases and other treatments for NAS afflicted newborns, and counseling and rehabilitation services after birth and into the future" (Pet. ¶ 35); special damages; penalties; treble damages; punitive damages; injunctive relief; redhibition for "millions of opioid pills" (*id.* ¶ 33); and medical monitoring for "thousands, if not more" putative class members (*id.* ¶ 260). It is "facially apparent" that Plaintff allegations seek potential damages greater than $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also, e.g.*, *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

7.   ***Minimal diversity.***   Plaintiff does not explicitly state the citizenship of his minor child or putative class members, but appears to allege that all putative class members are Louisiana citizens. *See, e.g.*, Pet. ¶ 263. Defendants are incorporated in or have their principal places of business in various states, as detailed below, so the minimal diversity requirement is satisfied.

8. Defendant McKesson Corporation is a Delaware corporation with its principal place of business in San Francisco, California. *Id.* ¶ 16(a).

9. Defendant Cardinal Health, Inc. is an Ohio corporation with its principal place of business in Ohio. *Id.* ¶ 16(b).

10. Defendant AmerisourceBergen Corporation is a Delaware corporation with its principal place of business in Pennsylvania. *Id.* ¶ 16(c).

11. Defendant Family Drug Mart LLC is a Louisiana limited liability corporation with its principal place of business in Mandeville, Louisiana. *Id.* ¶ 16(d).

12. Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Louisiana. *Id.* ¶ 16(e). Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P. Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P. PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P. BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P. Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands. Rosebay Medical Company L.P.'s partners are Rosebay Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and J. Sackler, a citizen of Connecticut.

13. Defendant Purdue Pharma Inc. is a New York corporation with its principal place of business in Stamford, Connecticut. *Id.*

14. Defendant The Purdue Frederick Company Inc. is a New York corporation with its principal place of business in Stamford, Connecticut. *Id.*

15. Defendant Teva Pharmaceuticals Industries, Ltd. is an Israeli corporation with its principal place of business in Petah Tikva, Israel. *Id.* ¶ 16(g).

16. Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in North Wales, Pennsylvania. *Id.*

17. Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. *Id.* ¶ 16(f).

18. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey. *Id.* ¶ 16(i).

19. Defendant Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with is principal place of business in Titusville, New Jersey. *Id.*

20. Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. *Id.*

21. Defendant Janssen Pharmaceutica, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. *Id.*

22. Defendant Endo Health Solutions Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. *Id.* ¶ 16(j).

23. Defendant Endo Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. *Id.*

24. Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. *Id.* ¶ 16(k).

25. Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company. Its sole member is Allergan W.C. Holding Inc. t/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey. *See id.*

26. Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Corona, California. *Id.*

27. Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany. New Jersey. *Id.* Actavis LLCs' sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey. *See id.*

28. Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a Delaware corporation with its principal place of business in New Jersey. *Id.*

29. The putative class members are probably Louisiana citizens, and Defendants are citizens of California, Connecticut, Delaware, Nevada, New Jersey, New York, Ohio, Pennsylvania, Ireland, and Israel, so "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A).

30. Additionally, no defendants are "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief," *see supra* ¶¶ 8–28; 28 U.S.C. § 1332(d)(5)(A).

31. Finally, Plaintiff asserts "the putative class is in the thousands, if not more," Pet. ¶ 260; *see also id.* ¶ 24, so the number of members of the proposed plaintiff class is greater than 100. 28 U.S.C. § 1332(d)(5)(B).

32. Because the matter in controversy exceeds $5 million, exclusive of interests and costs, there is minimal diversity, no defendants are governmental entities, and the putative class has at least 100 members, this court has jurisdiction under CAFA.

**II.    There Are No Exceptions to this Court's Jurisdiction.**

33. Even where a district court has jurisdiction under CAFA, certain exceptions—the discretionary, "local controversy," and "home state" exceptions, discussed *infra*—may operate to preclude the court's exercise of that jurisdiction. Plaintiff bears the burden of establishing any exception to this court's CAFA jurisdiction. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006).

   **A.    The Discretionary Jurisdiction Exception Does Not Apply.**

34. A district court may decline to exercise CAFA jurisdiction where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). This exception does not apply.

35. On the face of the Petition, all proposed class members are Louisiana citizens, and all is more than two-thirds. *Id.* Therefore, on this basis alone, the discretionary jurisdiction exception does not apply.

36. Even were the proposed class composed of between one-third and two-thirds Louisiana citizens, the "primary defendants" are not citizens of the State of Louisiana. None of the manufacturer or distributor defendants is a citizen of Louisiana, *see supra* ¶ 8–28, and the pharmacy defendant is not a primary defendant. "[P]rimary defendants" are those who are alleged to have "played the primary role." *Watson v. City of Allen, Tx.*, 821 F. 3d 634, 641 (5th Cir. 2016). To determine which defendants are primary, the court looks to the "suit's primary thrust." *Id.* Here, a mere 26 paragraphs of Plaintiff's 269-paragraph Petition are devoted to the resident pharmacy defendant. Pet. ¶ 157–83. The Petition's "primary thrust" is against the diverse manufacturer and distributor defendants. *See, e.g., id.* ¶¶ 44–156.

37. "Primary defendants" may also be defined as those against whom all putative class members might have claims. *See Hollinger v. Home State Mut. Ins. Co.*, 654 S. 3d 564, 572 (5th Cir. 2011). Here, all putative class members would allegedly have claims against the manufacturer and distributor defendants, but not all class members would have claims against Family Drug Mart—it is one local pharmacy, while the putative class covers infants throughout the State of Louisiana. The pharmacy defendant fails either definition of "primary defendant," so CAFA's discretionary jurisdiction exception does not apply.

    **B.    The Local Controversy Exception Does Not Apply.**

38. The "local controversy" exception to CAFA jurisdiction applies where (1) more than two-thirds of the proposed plaintiff class members "are citizens of the State in which the action was originally filed"; (2) at least one defendant is a defendant "from whom significant relief is sought," "whose alleged conduct forms a significant basis for the claims asserted," and "who is a citizen of the State in which the action was originally filed"; (3) the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in

which the action was originally filed"; and (4) "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A).

39.     Plaintiff's proposed class fails as to, at minimum, the fourth prong. *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 371 (E.D. La. 2007) ("The use of the conjunctive 'and' in Section 1332(d)(4)(A) makes it clear that all four of its elements must be satisfied for the 'local-controversy' exception to apply. Therefore, because plaintiffs cannot carry their burden on the fourth element of the 'local-controversy' test, this Court has jurisdiction over this matter under CAFA.").

40.     At least one other class action[1] has been filed within the preceding 3-year period "asserting same or similar factual allegations" against "any" defendants joined in the instant action.[2] *See, e.g.*, Class Action Complaint, *Mun. of Sabana Grande et al. v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02380-JAG (D.P.R. Dec. 27, 2017) (asserting the same allegations against all of the manufacturer and distributor defendants joined in the instant action), *transferred by*

---

[1] Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).
[2] Other class actions filed within the preceding three years of the instant action also assert the "same or similar factual allegations" against "any" defendants joined in the instant action. *See, e.g.*, Class Action Complaint and Demand for Jury Trial, *MSP Recovery Claims, Series LLC v. Purdue Pharma LP et al.*, No. 1:18-cv-00040 (N.D. Ohio Jan. 5, 2018); Class Action Complaint, *Drew Memorial Hospital v. Purdue Pharma LP et al.*, No. 5:18-cv-00010 (E.D. Ark. Dec. 14, 2017); Class Action Complaint, *Philadelphia Fed'n. of Teachers Health & Welfare Fund v. Purdue Pharma LP et al.*, No. 2:17-cv-04746-TJS (E.D. Pa. Oct. 23, 2017); Class Action Complaint, *Drew Memorial Hospital v. Purdue Pharma LP et al.*, No. 5:18-cv-00010 (E.D. Ark. Dec. 14, 2017). This includes one Louisiana class action, *Addiction Recovery Res., Inc. v. Morris & Dickson Co., LLC*, No. 18-1197, filed by one of Plaintiff's attorneys in this case in the District Court for the Parish of Orleans on February 6, 2018, twenty days before the instant action was filed.

Conditional Transfer Order 4, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (N.D. Ohio Jan. 17, 2018), attached as Exhibit 2.

41. In *Sabana Grande*, Puerto Rico municipalities, like Plaintiff here, alleged that "the opioid epidemic . . . [was] caused by Defendants' false, deceptive and unfair marketing and/or unlawful diversion of prescription opioids" caused the opioid epidemic. Pet. ¶ 24; *accord Sabana Grande*, Ex. 2 at 18–86. Since *Sabana Grande* was filed during the three-year period before the instant action, its "existence is fatal" to any argument Plaintiff may make that this lawsuit falls within the "local controversy" exception. *See Caruso*, 469 F. Supp. at 371.

### C. The Home State Exception Does Not Apply.

42. The final exception to CAFA jurisdiction, the "home state" exception, operates where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

43. As discussed *supra* ¶¶ 35–37, the pharmacy defendant is not a primary defendant, so the "home state" exception is inapplicable. *See, e.g.*, *Watson*, 821 F.3d at 640–42; *Hollinger*, 654 F.3d at 572.

### III. There is Complete Diversity Between Plaintiff and All Properly Joined Defendants.

44. Although CAFA alone provides a sufficient basis for federal court jurisdiction over this matter, removal is also proper because this Court has diversity jurisdiction. 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interests and costs, *see supra* ¶ 6, and there is complete diversity between Plaintiff and all properly joined Defendants. *See supra* ¶¶ 8–28. The sole non-diverse defendant, Family Drug Mart, LLC, is both an unnecessary and dispensable party subject to severance and is procedurally misjoined.

### A. The Pharmacy Defendant Is An Unnecessary and Dispensable Party.

45. Removal based on diversity jurisdiction is proper because the pharmacy defendant is unnecessary and dispensable under Fed. R. Civ. P. 19, so the claims against it may be severed under Fed. R. Civ. P. 21. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 832–37 (1989) ("Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"). Under Rule 21, a court may dismiss a nondiverse dispensable defendant in order to perfect diversity. *See Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967) (dropping nondiverse defendants named in the original complaint); *Brown v. Tex. & Pac. R.R.*, 392 F. Supp. 1120, 1123 (W.D. La. 1975) ("A federal district court has the power to preserve and perfect its diversity jurisdiction over a case by dropping a nondiverse party providing the nondiverse party is not an indispensable party.").

46. As an alleged joint tortfeasor, the pharmacy defendant is both unnecessary and dispensable under Rule 19. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7–8 (1990) (per curiam) (holding that joint tortfeasors are not necessary parties under Rule 19); *Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015) ("[W]here joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party.") (collecting cases).

47. If Plaintiff intends to pursue its claims against the pharmacy defendant, it has an adequate remedy in state court. *See* Fed. R. Civ. P. 19(b).

48. Severing the claims against the pharmacy defendant and permitting removal of the other claims to this court will advance judicial efficiency. *See, e.g.*, *Adams v. Big Lots Stores, Inc.*, 2009 WL 2160430, at *2 (E.D. La. July 16, 2009) (In deciding whether to sever, "courts may consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims.") (citations omitted).

49. The interests of judicial efficiency are particularly strong here where this case, if removed, is eligible for transfer to multi-district litigation. *See Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."). At least eleven Louisiana cases with similar allegations have been transferred to the MDL. *See, e.g.*, *In Re Nat'l Prescription Opiate Litig.*, CTO-1, ECF No. 368 (J.P.M.L. Dec. 14, 2017) (transferring *Anderson v. Purdue Pharma L.P. et al.*, 17-01567 (W.D. La.)); CTO-2, ECF No. 410 (J.P.M.L. Dec. 19, 2017) (transferring *Hilton v. Purdue Pharma L.P. et al.*, 1:17-01586 (W.D. La.); *Mancuso v. Purdue Pharma L.P. et al.*, 2:17-01585; *Garber v. Purdue Pharma L.P. et al.*, 6:17-01583 (W.D. La.)); CTO-4, ECF No. 546 (J.P.M.L. Jan. 17, 2018) (transferring *Seal v. Purdue Pharma L.P. et al.*, 2:17-01815 (E.D. La.)); CTO-5, ECF No. 601 (J.P.M.L Jan. 24, 2018) (transferring *Woods v. Purdue Pharma L.P. et al.*, 2:18-00002 (W.D. La.)); CTO-6, ECF No. 654 (J.P.M.L. Feb. 1, 2018) (transferring *Craft v. Purdue Pharma L.P. et al.*, 2:18-00053 (W.D. La.); *Hebert v. Purdue Pharma L.P. et al.*, 2:18-00055 (W.D. La.); *Richardson v. Purdue Pharma L.P. et al.*, 5:18-00054 (W.D. La.)); CTO-7, ECF No. 668 (J.P.M.L. Feb. 6, 2018) (transferring *Russell v. Purdue Pharma L.P. et al.*, 3:18-00094 (W.D. La.)); CTO-9, ECF No. 753 (J.P.M.L. Feb. 15, 2018) (transferring *Soileau v. Purdue Pharma L.P. et al.*, 6:18-00125 (W.D. La.)). Another is pending transfer. *See In Re Nat'l Prescription Opiate Litig.*, CTO-22, ECF No. 1175 (J.P.M.L. Apr. 10, 2018) (transferring *St. Tammany Parish Coroner's Office et al. v. Purdue Pharma L.P. et al.*, 18-03457 (E.D. La.)). More will surely follow.

50. Federal district courts have properly relied on Rule 21 to sever in-state parties and retain jurisdiction in healthcare cases where the focus of the case is on differently situated out-of-

state defendants. *See, e.g.*, *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2–3 (E.D. Tenn. Dec. 20, 2012); *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004); *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ. A. 02-2435-CM, 2003 WL 21313957, at *5–6 (D. Kan. May 23, 2003).[3]

      **B.   The Pharmacy Defendant Is Procedurally Misjoined.**

51.   Fraudulent misjoinder, also called procedural misjoinder, "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted). If the joinder requirements of Fed. R. Civ. P. 20(a) are not met, "[j]oinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)). Where a non-diverse defendant is fraudulently misjoined, the Court may sever and remand the claims against the non-diverse defendant, and deny remand of the remaining claims based on diversity jurisdiction. *See, e.g.*, *Reed*, 324 F. Supp. 2d at 805.

---

[3] *See also Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (severing non-diverse healthcare provider defendants and thus denying remand as to diverse manufacturer defendants); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3–4 (N.D. Ohio July 8, 2009) (same); *Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2 (N.D. Ohio June 11, 2009) (denying motion to remand following severance of non-diverse defendants by Judicial Panel on Multidistrict Litigation).

52. Plaintiff's claims for relief are based on alleged misconduct that has nothing to do with the pharmacy defendant. *See supra* ¶ 37. Plaintiff's claims against the pharmacy defendant are so factually distant from the claims against the other defendants as to be fraudulently misjoined.

53. Recently, other federal district courts in related lawsuits have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand as to diverse defendants like the moving Defendants here. *See City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-01362, 2017 WL 3317300, at *4–5 (S.D. W. Va. Aug. 3, 2017); *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *but see* Order, *Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 Doc. 23 (N.D. W. Va. Feb. 23, 2018) (concluding that claims against distributors of opioid products were not fraudulently misjoined with claims against manufacturer's sales representatives).

54. In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid medications for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly prescribing opioids, "knowing that the drugs were likely to be abused, diverted or misused." 263 F. Supp. 3d at 642. The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct." *Id.* at 647. In *City of Huntington*, the court reached the same conclusion for substantially the same reasons. 2017 WL 3317300, at *5.

55.     Here, Plaintiff's claims against the pharmacy defendant are similarly "separate and distinct."  The claims against the pharmacy defendant should be severed and remanded to state court, and this Court should retain jurisdiction over the claims against the remaining defendants.

## IV.    The Unanimous Consent of All Defendants Is Unnecessary.

56.     The unanimous consent of all properly joined and served defendants is not required when a class action is removed.  28 U.S.C. § 1453(b).

57.     Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

Respectfully submitted,

DATED: April 23, 2018

/s/ *Kelly Juneau Rookard*
James B. Irwin (#7172)
David W. O'Quinn (#18366)
Douglas J. Moore (#27706)
Kelly Juneau Rookard (#30573)
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Tel: (504) 310-2100
Fax: (504) 310-2101
jirwin@irwinllc.com
doquinn@irwinllc.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
* *denotes national counsel who will seek*
*pro hac vice admission*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on April 23, 2018, caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

DATED: April 23, 2018

                                          */s/ Kelly Juneau Rookard*
                                          KELLY JUNEAU ROOKARD